IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBERT DOUGLAS, | ) | CIVIL NO.  03-00433 JMS/LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR CERTIFICATION |
| KAMAOLE ENTERPRISES, | ) | |
| a general partnership; | ) | |
| KAMAOLE ENTERPRISES I, a | ) | |
| limited partnership; KAMAOLE | ) | |
| ENTERPRISES II, a limited | ) | |
| partnership; KAMAOLE | ) | |
| ENTERPRISES III, a limited | ) | |
| partnership, and THE | ) | |
| ASSOCIATION OF APARTMENT | ) | |
| OWNERS OF MAUI KAMAOLE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR CERTIFICATION

I.  INTRODUCTION

Plaintiff Robert Douglas has moved this court, pursuant to Federal Rules of Civil Procedure Rule 54(b) and 28 U.S.C. § 1292(b), for an order

certifying for appeal the Order issued by the Honorable David Alan Ezra on August 24, 2005. Based on the following, the court DENIES the Plaintiff's motion.

## II.  BACKGROUND

Judge Ezra set forth the background facts relevant to the instant case in his August 24, 2005 Order.  **Record at 81.**  The court incorporates those background facts herein.

## III. STANDARD OF REVIEW

Rule 54 of the Federal Rules of Civil Procedure provides for the entry of judgment in cases involving multiple claims or multiple parties.  It states in relevant part:

> **(b) Judgment Upon Multiple Claims or Involving Multiple Parties.**  When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

"The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification." *Braswell Shipyards v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993) (citing *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 365 (3d Cir. 1975)).  *See also Montana v. Atl. Richfield Co.*, 273 F. Supp. 2d 1159, 1159 (D. Mont. 2003) ("The moving party must demonstrate that certification is appropriate.").

Similarly, 28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

## IV. DISCUSSION

The Ninth Circuit has explained the process by which a district court may direct entry of final judgment as to one claim or one party in a multi-claim or multi-party suit:

>A district court must first determine that it has rendered a "final judgment," that is, a judgment that is " 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.' " *Curtiss-Wright* [*Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)], (quoting [*Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)]). Then it must determine whether there is any just reason for delay. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.' " *Id.* at 8, 100 S.Ct. 1460 (quoting *Mackey*, 351 U.S. at 437, 76 S.Ct. 895). Whether a final decision on a claim is ready for appeal is a different inquiry from the equities involved, for consideration of judicial administrative interests "is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.' " *Id.* (quoting *Mackey*, 351 U.S. at 438, 76 S.Ct. 895).

*Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). The court should "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8. As the Supreme Court has noted, however, the absence of one of those factors would not necessarily preclude certification; "[i]t would, however, require the district court to find a sufficiently important reason for nonetheless granting certification." *Id.* at 8 n.2. *See also Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (stating that certification under Rule 54(b) "is proper if it will aid

'expeditious decision' of the case" (quoting *Sheehan v. Atlanta Int'l. Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987))); *Alcan Aluminum Corp. v. Carlsberg Fin. Corp.*, 689 F.2d 815, 817 (9th Cir. 1982) (holding that claims need not be "separate from and independent of the other claims" to be certifiable under Rule 54(b)).  Courts must consider the judicial administrative interest in avoiding "piecemeal appeals," as well as the other equities involved.  *Curtiss-Wright*, 446 U.S. at 8.  *See also* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2659 (1998) ("It is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties.").[1]

---

[1] As Wright, Miller and Kane also explain:

> The court also must take into account the possible impact of an immediate appeal on the remaining trial proceedings.  In this vein, consideration will be given to whether the appeal will have the undesirable effect of delaying the trial of the unadjudicated matters without gaining any offsetting advantage in terms of the simplification and facilitation of that trial.  Conversely, an early appeal may avoid the need for further proceedings in the district court or may ease significantly the difficulty and complexity of conducting the trial of the unadjudicated claims, thereby supporting immediate review.

10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2659 (1998) (footnotes omitted).

The court concludes that, while the Plaintiff's Fair Housing Act ("FHA," 42 U.S.C. § 3601 et seq.) claim against the Developers is separable and would only require one adjudication by the Court of Appeals, there remain compelling reasons to justify a denial of certification at the present time.  First, there is a jury trial currently scheduled for April 18, 2006, just three months away.  The entire case will be concluded in the near future, and the court does not believe that the Plaintiff will suffer any meaningful hardship by having to wait a few months longer for a decision from the Court of Appeals.  Second, the Association's cross-claim against the Developers is still pending (such that the Developers will remain involved in this case as it proceeds to trial); as a result, the court finds that denial of certification is in the best interest of sound judicial administration.  This is a run-of-the-mill discrimination case, and there is nothing extraordinary about this case to warrant certification.[2]  The Plaintiff has not shown that there is no just

---

[2] As the Ninth Circuit explained in *Wood*:

> This is not a complicated case.  It is a routine employment discrimination action.  In such cases it is typical for several claims to be made, based on both state and federal law, and for several theories of adverse treatment to be pursued.  It is also common for motions to be made for summary judgment, and to be granted in part and denied in part as district judges trim and prune a case to focus on what really is at issue for trial.  At least in our experience, requesting--or granting a request for-- certification in ordinary situations such as this is not routine. We believe it should not become so.  As put by the Supreme Court, "[p]lainly, sound judicial administration does not require that Rule 54(b) requests be
> (continued...)

reason for delay, and therefore has not met its burden. Consequently, the court concludes that certification pursuant to Rule 54(b) is not proper at this time. Likewise, the court concludes that an immediate appeal would not "materially advance the ultimate termination of the litigation" pursuant to 28 U.S.C. § 1292(b).

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

---

[2](...continued)
granted routinely." [*Curtiss-Wright*, 446 U.S.] at 10, 100 S.Ct. 1460.

> Because [the plaintiff's] case is itself routine and partial adjudication of one of several related claims or issues is likewise routine, granting her Rule 54(b) request does not comport with the interests of sound judicial administration.

*Wood*, 422 F.3d at 879 (first alteration in original).

## V. <u>CONCLUSION</u>

Based on the foregoing, the court DENIES the Plaintiff's motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 5, 2006.



_____
J. Michael Seabright
United States District Judge

*Douglas v. Kamaole Enterprises et al.*, Civ. No. 03-00433 JMS/LEK; Order Denying Plaintiff's Motion for Certification