Of Counsel:
ASHFORD & WRISTON
A Limited Liability Law Partnership LLP

FRANCIS P. HOGAN          2722-0
JILL M. HASEGAWA          8148-0
Alii Place, Suite 1400
1099 Alakea Street
P.O. Box 131
Honolulu, Hawaii 96810
Telephone No. 539-0400

Attorneys for Defendant
ASSOCIATION OF APARTMENT
OWNERS OF MAUI KAMAOLE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT DOUGLAS, | ) CIVIL NO. 03-00433 JMS/LEK |
| | ) |
| Plaintiff, | ) DEFENDANT ASSOCIATION |
| | ) OF APARTMENT OWNERS OF |
| vs. | ) MAUI KAMAOLE'S FINAL |
| | ) PRETRIAL STATEMENT |
| KAMAOLE ENTERPRISES, a | ) |
| general partnership; KAMAOLE | ) Final Pretrial Conference: |
| ENTERPRISES I, a limited | ) Date:  March 7, 2006 |
| partnership; KAMAOLE | ) Time:  9:00 a.m. |
| ENTERPRISES II, a limited | ) Judge:  Hon. Leslie E. Kobayashi |
| partnership; and KAMAOLE | ) |
| ENTERPRISES III, a limited | ) Trial |
| partnership, and THE | ) Date:  April 18, 2006 |
| ASSOCIATION OF APARTMENT | ) Time:  9:00 a.m. |
| OWNERS OF MAUI KAMAOLE, | ) Judge:  Hon. J. Michael Seabright |
| | ) |
| Defendants. | ) |
| | ) |

368143

| | |
|---|---|
| and | ) |
| | ) |
| ASSOCIATION OF APARTMENT | ) |
| OWNERS OF MAUI KAMAOLE | ) |
| Defendant and | ) |
| Crossclaimant, | ) |
| | ) |
| vs. | ) |
| | ) |
| KAMAOLE ENTERPRISES, a | ) |
| general partnership; KAMAOLE | ) |
| ENTERPRISES I, a limited | ) |
| partnership; KAMAOLE | ) |
| ENTERPRISES II, a limited | ) |
| partnership; and KAMAOLE | ) |
| ENTERPRISES III, a limited | ) |
| partnership | ) |
| | ) |
| Crossclaim | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

## DEFENDANT ASSOCIATION OF APARTMENT OWNERS OF MAUI KAMAOLE'S FINAL PRETRIAL STATEMENT

Defendant Association of Apartment Owners of Maui Kamaole (hereinafter the "AOAO Maui Kamaole"), by and through its attorneys, ASHFORD & WRISTON, hereby submits this Final Pretrial Statement pursuant to Local Rule 16.6 of the Rules of the United States District Court, District of Hawaii.

**A.    <u>PARTY</u>**

This statement is filed on behalf of Defendant Association of Apartment

Owners of Maui Kamaole ("AOAO Maui Kamaole").  AOAO Maui Kamaole is the entity created under Hawaii Revised Statutes ("HRS") §§ 514A-81 and -82 to manage the residential condominium project known as the Maui Kamaole.

**B.    <u>JURISDICTION AND VENUE</u>**

The Court has personal jurisdiction over the parties.

However, the Court lacks subject matter jurisdiction to hear this case. Plaintiff alleged claims against Defendants under the Fair Housing Amendments Act ("FHAA") and the Americans with Disabilities Act ("ADA").  As such, Plaintiff alleged that the Court had original jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. §3613.  However, the Court, in the August 24, 2005 Order Granting Defendants Maui Kamaole Enterprises, et.al.'s Motion for Summary Judgment, held that the Plaintiff's FHAA claims were barred and dismissed them. As such, Plaintiff's remaining federal claim lies under the ADA.  However, Plaintiff has no standing to bring a claim under the ADA for reasons discussed below.  For that reason, this Court does not have jurisdiction over this case.

Assuming arguendo that the Court has subject matter jurisdiction, venue is proper because the real property involved is located within the District of Hawaii.

C.    **SUBSTANCE OF ACTION**

Plaintiff's Claims against AOAO Maui Kamaole

In his First Amended Complaint, Plaintiff alleged that Defendants Maui Kamaole Enterprises, Maui Kamaole Enterprises, Maui Kamaole Enterprises I, Maui Kamaole Enterprises II, and Maui Kamaole Enterprises III, (collectively "Enterprises") developed the Maui Kamaole for the purpose of renting the units as transient lodging as public accommodations.  Plaintiff also alleged that Enterprises ignored the FHAA and the ADA in the design and construction of Maui Kamaole. First Amended Complaint ¶¶ 4-7, 9-13 and 19.  Plaintiff has argued that certain units in the Maui Kamaole are "being operated as transient lodging, namely short-term rentals compromising *de facto* hotel rooms, which are in violation of the ADA public accommodations accessibility requirements.  Plaintiff's Scheduling Conference Statement, filed April 7, 2004.

Plaintiff appears to allege that AOAO Maui Kamaole is liable under the FHAA and the ADA First Amended Complaint, ¶¶ 8, 15-16, and 20.  Plaintiff alleged a litany of reasons why the property does not satisfy FHAA and ADA requirements in the following ways. Id. ¶¶ 17-18.  Plaintiff has argued that AOAO Maui Kamaole is liable because it "operates, or permits the operation of, transient lodging."  Plaintiff's Scheduling Conference Statement, filed April 7, 2004.

Enterprises' Claims against AOAO Maui Kamaole

Enterprises filed a Crossclaim on March 4, 2004, against AOAO Maui Kamaole alleging that AOAO Maui Kamaole, and not Enterprises, is liable for any damages suffered by Plaintiff.

AOAO Maui Kamaole's Claims against Enterprises

AOAO Maui Kamaole filed a Crossclaim on March 5, 2004 against Enterprises alleging that Enterprises, and not AOAO Maui Kamaole, seeking indemnification and contribution if AOAO Maui Kamaole was found liable to Plaintiff.

Defendant AOAO Maui Kamaole's Defenses to Plaintiff's Claims

1.    Plaintiff has no standing to bring this claim for several reasons:

(a)    Plaintiff is a resident owner and occupant of unit D-203 in the Maui Kamaole, and the ADA does not apply to residential use of properties, including condominium and apartment projects.  Plaintiff is not of the class of people intended to be protected under the ADA.

(b)    Assuming Plaintiff does have standing under the ADA, Plaintiff does not have standing to assert claims relating to ADA requirements which do not directly correlate to his specific disability.

2.     Assuming arguendo that this Court finds that Plaintiff does have standing to bring his claims, AOAO Maui Kamaole is not required to comply with the ADA.

(a)     Title III of the ADA applies to places of public accommodations, and Title III limits the application of the ADA to "any person who owns, leases (or leases to), or operates a place of public accommodation." The AOAO Maui Kamaole is not such a person, as it does not own, lease, or operate a place of public accommodation.

(b)     The AOAO Maui Kamaole is an entity which was created for the limited purpose of managing the residential condominium project known as the Maui Kamaole.

(c)     The organizational documents for the AOAO Maui Kamaole, including the Declaration of Horizontal Property Regime, as amended, the By-laws and the House Rules adopted by the AOAO Maui Kamaole establish that the Maui Kamaole is a residential condominium project only.

(d)     Under the express language of the AOAO Maui Kamaole documents, short term vacation rentals are not permitted.

3.     In addition, the operation at the Maui Kamaole of a place of public accommodation, as defined under the ADA, is specifically prohibited by local law.

(a)     Under Maui County Ordinance §19.12.010, the operation of "short term rentals" on property located in areas zoned in the Apartment District is prohibited.  "Building and structures within the apartment district shall be occupied on a **long term residential basis."**  Maui County Ordinance §19.12.010(C) (emphasis added).

(b)     Maui County Ordinance §19.37.010 also prohibits time share and transient vacation rentals in all areas, except those in the hotel district.  The Maui Kamaole property is currently zoned A-1 Apartment District, and as such, short-term transient vacation rentals are prohibited.

## D.  **UNDISPUTED FACTS**

1.     Plaintiff resides in Apartment D-203, a residential unit in the Maui Kamaole condominium project.

2.     Plaintiff is the owner of Apartment D-203.

## E.  **DISPUTED FACTUAL ISSUES**

1.     Whether the AOAO Maui Kamaole is a "public accommodation" under the ADA.  The AOAO Maui Kamaole's position is that it is <u>not</u> a public accommodation under the ADA for the following reasons:

a.     The AOAO Maui Kamaole does not rent out any portions of the Maui Kamaole, its units, or common areas.

b.     The AOAO Maui Kamaole does not participate in or take reservations for the use of any units.

    c.    The AOAO Maui Kamaole provides no housekeeping services for the individual units.

    d.    The AOAO Maui Kamaole does not provide laundry services for the tenants or their guests.

    e.    The AOAO Maui Kamaole does not provide furnishing for any of the units, nor does not provide items associated with transient lodging such as: bath towels, linens, or other items.

2.    Assuming arguendo that the AOAO Maui Kamaole is considered a public accommodation and therefore required to comply with the ADA, it is disputed as to what measures are required under the ADA's "readily achievable standard" and what is considered an "undue burden" under the ADA.

## F.    __RELIEF PRAYED__

AOAO Maui Kamaole seeks dismissal of the claims against it in the First Amended Complaint and entry of judgment for AOAO Maui Kamaole and against Plaintiff, dismissing the First Amended Complaint, awarding attorneys' fees allowed by law and costs to AOAO Maui Kamaole.

If judgment is not entered in favor of AOAO Maui Kamaole as to all claims in the First Amended Complaint, then AOAO Maui Kamaole seeks judgment for indemnification and/or contribution against, jointly and severally, Defendants Maui Kamaole Enterprises, Maui Kamaole Enterprises I, Maui Kamaole Enterprises II and Maui Kamaole Enterprises III.

## G.    POINTS OF LAW

### 1.    Plaintiff Has No Standing To Bring His Claim.

Plaintiff has no standing to assert a claim under the ADA because he is a resident owner of a residential apartment, D203, at the Maui Kamaole.  "The general rule of Title III of the ADA is that 'no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the good, services, facilities, privileges, advantages, or accommodations of any place of public accommodation <u>by any person who owns, leases (or leases to), or operates a place of public accommodation</u>.'"  <u>Parr v. L&L Drive-Inn Restaurant</u>, 96 F.Supp.2d at 1085, citing 42 U.S.C. §12182(a) (Emphasis added).  "In order to set forth a prima facie case under Title III of the ADA, a plaintiff must prove that: (1) he has a disability; (2) defendant's [property] is a place of public accommodation; (3) and defendant was denied full and equal treatment because of his disability." <u>Parr v. L&L Drive-Inn Restaurant</u>, 96 F.Supp.2d at 1085.  The intent of the legislation was to protect users of "public accommodations" from discrimination based on their disability.

Plaintiff admits he is an owner-occupant in the Maui Kamaole project. Plaintiff is not part of a group intended to be protected under the ADA.  To have standing to bring a claim under the ADA, Plaintiff must show that he was injured in a place of public accommodations due to Defendants' non-compliance with the

ADA.  "[U]nder the ADA, once a plaintiff has actually become **aware of discriminatory conditions existing at a public accommodation, and is thereby deterred from visiting or patronizing that accommodating**, the plaintiff has suffered an injury."  Pickern v. Holiday Quality Foods Incorporated, 293 F.3d 1133, 1336-37 (9th Cir. 2002) (emphasis added).  Plaintiff has suffered no injury for which the Court can provide relief.  As an owner-occupant of his unit, he has not been deterred from visiting or patronizing a public accommodation.

Maui Kamaole is not a public accommodation.  To the extent that a short term or vacation or transient rentals of condominium units occurs at Maui Kamaole, they are the actions of individual unit owners operating for their own interest and not the actions of AOAO Maui Kamaole.

Where there is a public accommodation on a property, it can be separated from the requirements concerning the entire property for purposes f applying the ADA.  "[R]esidential accommodations exempt from Title III and public accommodations subject to Title III can exist within the same facility."  Sapp v. MHI Partnership, Ltd.,199 F.Supp.2d 578 (N.D. Tex. 2002), citing No Barriers, Inc. v. BRH Texas GP, LLC, 2001 WL 896924 (N.D. Tex. 2001).   For example, a model unit within a condominium complex which was used as a sales or information office, was held to be a place of public accommodation subject to the ADA, while the rest of the condominium complex was exempt from the ADA

because its use was residential.  Id., citing Baltimore Neighborhoods, Inc. v. Rommel Builders, Inc., 40 F.Supp.2d 700 (D. Maryland 1999).  In this situation, the residential portions of the complex are not required to comply with the ADA; only those portions of the project that are deemed "public accommodations" have to comply with the ADA.  Id.

As a separate defense, assuming arguendo that Plaintiff does have standing under the ADA despite being a resident-owner, Plaintiff does not have standing to assert claims requiring compliance for those disabilities from which he does not suffer.  "The Plaintiff's injury must satisfy the same core requirements of injury in fact caused by the defendant and capable of being redressed by the court."  Parr v. L&L Drive-Inn Restaurant, 96 F.Supp.2d at 1083, citing Hoepfl v. Barlow, 906 F.Supp. 317, 322 (E.D.Va.1995).  "A disabled individual cannot 'vindicate the rights of disabled persons generally.'"  Parr v. L&L Drive-Inn Restaurant, 96 F.Supp.2d at1083, citing Delil v. El Torito Restaurants, Inc., 1997 WL 714866, *5 (N.D.Cal. 1997).  "[A]ny finding of an ADA violation requires proof as to each individual claimant."  Association of Disabled Americans, Inc. v. Concorde Gaming Corporation, 158 F.Supp.2d 1353 (S.D. Fla. 2001), citing Concerned Parents to Save Dreher Park v. City of W. Palm Beach, 884 F.Supp. 487, 488 (S.D. Fla. 1994)

2.    **Maui Kamaole Is NOT A "Public Accommodation" Under the ADA**

Although public accommodations may include places of lodging (i.e. inns, hotels, motels), residential accommodations are exempt from compliance with the ADA. Specifically, residential "apartments and condominiums do not constitute public accommodations within the meaning of the ADA." Independent Housing Services of San Francisco v. Fillmore Center Associates, 840 F.Supp. 1328, 1344 (1993).

AOAO Maui Kamaole is the entity created by law to govern the residential condominium project known as Maui Kamaole. The organizational documents of AOAO Maui Kamaole, include the Declaration of Horizontal Property Regimes, the By-laws, and the House Rules adopted by AOAO Maui Kamaole. Under these documents, Maui Kamaole is a residential condominium project only. Under the express language of these documents, short term vacation rentals are not permitted.

In addition, the operation at Maui Kamaole of a place of public accommodation as defined under the ADA is specifically prohibited by local law. Maui County Ordinance §19.12.010 specifically prohibits the operation of "short term rentals" in areas in the Apartment District. "Building and structures within the apartment district shall be occupied on a **long term residential basis."** Maui County Ordinance §19.12.010(C). The Maui Kamaole property is currently zoned

A-1 Apartment District, and as such, short-term transient vacation rentals are prohibited.

Furthermore, Maui County Ordinance § 19.37.010 also bars operation of short term vacation rentals (and time shares) at the Maui Kamaole.

AOAO Maui Kamaole does not own, lease, or operate a place of public accommodation. Because liability for violations under Title III of the ADA is limited to places of public accommodation, and Maui Kamaole cannot be legally operated as a public accommodation, AOAO Maui Kamaole cannot as a matter of law be liable to Plaintiff for violations of the ADA.

Plaintiff has argued that AOAO Maui Kamaole has permited the operation of transient lodging at the project, and thereby has done enough to make it an operator or one who permits the operation, of a public accommodation and thus must comply with the ADA. There is no authority for Plaintiff's position that mere tolerance of operation of illegal vacation rentals by some condominium owners subjects AOAO Maui Kamaole to compliance with the ADA. AOAO Maui Kamaole does not participate in any vacation rental or transient lodging operation. It does not take reservations, nor does it provide guest services, housekeeping, linens, laundry service, or any other benefit that one would associate with a hotel.

The ADA is unambiguous in defining the parties subject to its prescripts: the ADA only requires compliance by "any person who owns, leases (or leases to),

or operates a place of public accommodation."   AOAO Maui Kamaole does none

own, lease or operate a place of public accommodation.  It is not liable under the

ADA.

**H.    PREVIOUS MOTIONS**

    1.    Defendants Maui Kamaole Enterprises, Maui Kamaole Enterprises I,

Maui Kamaole Enterprises II, and Maui Kamaole Enterprises III's Motion for

Summary Judgment; Memorandum in Support of Motion filed 10/04/04.

    2.    Plaintiff's Motion for Summary Judgment filed 03/23/05.

    3.    Defendant Association of Apartment Owners of Maui Kamaole's

Cross-Motion for Partial Summary Judgment filed 03/24/05.

    4.    Defendants Maui Kamaole Enterprises, Maui Kamaole Enterprises I,

Maui Kamaole Enterprises II, and Maui Kamaole Enterprises III's Motion for

Partial Summary Judgment filed 06/16/05.

**I.    WITNESSES TO BE CALLED**

    1.    Plaintiff Robert Douglas willtestify that he is a resident owner of a

one unit at Maui Kamaole.

    2.    James D. DiFalco – President, AOAO Maui Kamaole, will

authenticate the Declaration, By-laws and House Rules of AOAO Maui Kamaole,

and will testify that AOAO Maui Kamaole does not participate in any vacation

rental or transient lodging operation, does not take reservations, and does not

provide guest services, housekeeping, linens, laundry service, or any other benefit that one would associate with a hotel.

3.      Nancy Price, Property Manager, AOAO Maui Kamaole, will authenticate the Declaration, By-laws and House Rules of AOAO Maui Kamaole, and will testify that AOAO Maui Kamaole does not participate in any vacation rental or transient lodging operation, does not take reservations, and does not provide guest services, housekeeping, linens, laundry service, or any other benefit that one would associate with a hotel.

4.      Bruce M. Clark – CEO, Accessibility Planning & Consulting, Inc., will testify as to his inspection and report concerning what would need correction if AOAO Maui Kamaole was a public accommodation subject to the ADA.

## J.    EXHIBITS, SCHEDULES AND SUMMARIES

1.      Maui Kamaole: Timeline which was attached as Exhibit "A" to Defendant Association of Apartment Owners of Maui Kamaole's Supplemental Memorandum in Support of Its Motion for Summary Judgment filed May 13, 2005.

2.      Declaration of James D. DiFalco which was attached as Exhibit "B" to Defendant Association of Apartment Owners of Maui Kamaole's Supplemental Memorandum in Support of Its Motion for Summary Judgment filed May 13, 2005.

3.     Restatement of Declaration of Condominium Propety Regime of Maui Kamaole recorded in the Bureau of Conveyances on February 12, 2003 as Doc. No. 2003-026450 which was attached as Exhibit "A" to Defendant Association of Apartment Owners of Maui Kamaole's Cross-Motion for Partial Summary Judgment filed March 24, 2005.

4.     Printout from the Congressional website of H.R. 2437 0- the "Justice in Fair Housing Enforcement Act of 1999" – introduced in the 106th Congress which was attached as Exhibit "B" to Defendant Association of Apartment Owners of Maui Kamaole's Cross-Motion for Partial Summary Judgment filed March 24, 2005.

5.     Developers' Condominium Public Report fo Maui Kamaole Phase III – Cluster J (Registration No. 4263) – first four pages only which was attached as Exhibit "C" to Defendant Association of Apartment Owners of Maui Kamaole's Cross-Motion for Partial Summary Judgment filed March 24, 2005.

6.     Declaration of Bruce M. Clark with attachments (Overview of Construction Costs, Plan of Action Sheets, Cost Reports, Pictures, ADA Barrier Identification Reports, etc) which was included in Defendant Association of Apartment Owners of Maui Kamaole's Cross-Motion for Partial Summary Judgment filed March 24, 2005.

7.　　Second Restatement of Bylaws of the Association of Apartment Owners of Maui Kamaole recorded with the Bureau of Conveyances on February 26, 2003 as Doc. No. 2003-035350.

8.　　First Amendment to Second Restatement of Bylaws of the Association of Apartment Owners of Maui Kamaole recorded with the Bureau of Conveyances on May 2, 2005 as Doc. No. 2005-087007.

9.　　House Rules and Board Policies of the Association of Apartment Owners (AOAO) of Maui Kamaole approved by the AOAO Board of Directors on May 12, 2003, subsequently updated as of January 1, 2006.

10.

11.　　Americans with Disabilities Act, ADA Title III Technical Assistance Manual – Covering Public Accommodations and Commercial Facilities.

12.　　Americans with Disabilities Act, Title III Technical Assistance Manual 1994 Supplement.

**K.　FURTHER DISCOVERY OR MOTIONS**

No further discovery or motions are anticipated.

**L.　STIPULATIONS**

AOAO Maui Kamaole proposes stipulation as to admissibility of exhibits.

**M.　AMENDMENTS, DISMISSALS**

No amendments or dismissals are anticipated.

**N.      AGREED STATEMENT**

AOAO Maui Kamaole does not propose submission under an agreed

statement.

**O.      BIFURCATION, SEPARATE TRIAL OF ISSUES**

AOAO Maui Kamaole does not propose bifurcation or separate trials.

**P.      REFERENCE TO MASTER OR MAGISTRATE JUDGE**

AOAO Maui Kamaole does not propose reference for trial to the presiding

Magistrate Judge.

**Q.      APPOINTMENT AND LIMITATION OF EXPERTS**

AOAO Maui Kamaole does not seek appointment or limitation of experts.

**R.      TRIAL**

Jury trial is set for April 18, 2006 at 9:00 a.m. before the Honorable J.

Michael Seabright, United States District Judge.

**S.      ESTIMATE TIME OF TRIAL**

AOAO Maui Kamaole estimates that trial will take four days.

**T.      CLAIMS OF PRIVILEGE OR WORK PRODUCT**

AOAO Maui Kamaole does not anticipate any attorney client privilege or

work product issues.

## U.    <u>MISCELLANEOUS</u>

AOAO Maui Kamaole is in settlement negotiations with Plaintiff and with the Developer defendants.  AOAO Maui Kamaole anticipates that an early settlement conference may facilitate final settlement.

DATED:  Honolulu, Hawaiʻi; February 28, 2006.

/s/ Francis p. Hogan
FRANCIS P. HOGAN
JILL M. HASEGAWA
Attorneys for Defendant
  ASSOCIATION OF APARTMENT
  OWNERS OF MAUI KAMAOLE

Of Counsel:
ASHFORD & WRISTON
A Limited Liability Law Partnership LLP

| FRANCIS P. HOGAN | 2722-0 |
| JILL M. HASEGAWA | 8148-0 |

Alii Place, Suite 1400
1099 Alakea Street
P.O. Box 131
Honolulu, Hawaii 96810
Telephone No. 539-0419

Attorneys for Defendant
ASSOCIATION OF APARTMENT
OWNERS OF MAUI KAMAOLE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBERT DOUGLAS, | ) | CIVIL NO. 03-00433 JMS/LEK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE RE: |
| | ) | DEFENDANT ASSOCIATION |
| vs. | ) | OF APARTMENT OWNERS OF |
| | ) | MAUI KAMAOLE'S FINAL |
| KAMAOLE ENTERPRISES, a | ) | PRETRIAL STATEMENT |
| general partnership; KAMAOLE | ) | |
| ENTERPRISES I, a limited | ) | |
| partnership; KAMAOLE | ) | |
| ENTERPRISES II, a limited | ) | |
| partnership; and KAMAOLE | ) | |
| ENTERPRISES III, a limited | ) | |
| partnership, and THE | ) | |
| ASSOCIATION OF APARTMENT | ) | |
| OWNERS OF MAUI KAMAOLE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

368143

and                                          )
                                             )
ASSOCIATION OF APARTMENT                     )
OWNERS OF MAUI KAMAOLE                       )
               Defendant and                 )
               Crossclaimant,                )
                                             )
     vs.                                     )
                                             )
KAMAOLE ENTERPRISES, a                       )
general partnership; KAMAOLE                 )
ENTERPRISES I, a limited                     )
partnership; KAMAOLE                         )
ENTERPRISES II, a limited                    )
partnership; and KAMAOLE                     )
ENTERPRISES III, a limited                   )
partnership                                  )
                                             )
               Crossclaim                    )
               Defendants.\                   )
_____   )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date set forth below I did cause to be

served a copy of DEFENDANT ASSOCIATION OF APARTMENT OWNERS

OF MAUI KAMAOLE'S FINAL PRETRIAL STATEMENT upon the following

parties by electronic mail generated by U.S. District Court for the District of

Hawai'i and/or Ashford & Wriston LLP or by first class mail, addressed as

follows:

BRUCE F. SHERMAN, ESQ.
THOMAS F. FEENEY, ESQ.
1164 Bishop Street, Suite 124

Honolulu, HI 96813

Attorneys for Plaintiff
  Robert Douglas

MICHAEL R. MARSH, ESQ.
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2600
Honolulu, HI 96813

Attorney for Defendants
  Kamaole Enterprises, Kamaole Enterprises I,
  Kamaole Enterprises II, and
  Kamaole Enterprises III

DATED: Honolulu, Hawaii; February 28, 2006.


        /s/ Francis P. Hogan
        FRANCIS P. HOGAN
        JILL M. HASEGAWA
        Attorneys for Defendant
          ASSOCIATION OF APARTMENT
          OWNERS OF MAUI KAMAOLE